## Contino Appeal

*Edward S. Finkelstein, Rosenberg & Rothman,* for appellant.

*Thomas Shannon, Assistant Attorney General,* and *William C. Sennett, Attorney General,* for Commonwealth.

SHELLEY, J., February 10, 1969.—This matter is before us on the appeal of Peter J. Contino (Coral Club) (hereinafter referred to as the licensee) from an order of the Pennsylvania Liquor Control Board (hereinafter referred to as the board) imposing a fine upon the licensee of two hundred dollars.

The licensee is the holder of Restaurant Liquor License No. R-11976 and Amusement Permit No. AP-14850 for premises located at 124 Strawberry Street, Harrisburg, Pa. On May 28, 1968, the board issued its citation no. 839, 1968, on the licensee charging as follows:

"1. You, your servants, agents or employes permitted minors to frequent the licensed premises, on or about April 20, 1968, and on divers other occasions within the past year.

"2. You, your servants, agents or employes sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minors, on or about April 20, 1968, and on divers other occasions within the past year.

"3. You, your servants, agents or employes made a charge for admittance to a portion of your licensed premises, on or about April 19, 20, 1968, and on divers other occasions within the past year.

"4. You, your servants, agents or employes sold liquor and/or malt or brewed beverages for other than cash, on or about April 19, 20, 1968, and on divers other occasions within the past year."

After hearing, the board made the following findings of fact:

"1. The licensee, his servants, agents or employes sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minors, on April 20, 1968.

"2. The licensee, his servants, agents or employes made a charge for admittance to a portion of his licensed premises, on April 19 and 20, 1968."

The board thereon made the following order:

"AND NOW, October 24, 1968, for the foregoing reasons, the Pennsylvania Liquor Control Board hereby imposes a fine of Two Hundred Dollars ($200.00), upon Peter J. Contino, the above named licensee."

It is from this order that the licensee has taken an appeal to this court pursuant to article IV, sec. 471, of the Liquor Code of April 12, 1951, P. L. 90, as amended, 47 PS §4-471 p.p.

A hearing de novo as is required by the Liquor Code[1] was held on November 26, 1968, at which time witnesses for the board and licensee were heard. At the hearing, counsel for the licensee advised the trial

---

[1] Article IV, sec. 464, of the Liquor Code of April 12, 1951, P. L. 90, 47 PS §4-464.

judge that the licensee was not contesting the charge of sale to minors.

There is no dispute as to the facts. Enforcement officers of the board entered the licensed premises on April 19 and April 20, 1968. In the vestibule between the outside entrance and the barroom, there were a uniformed policeman and a woman seated in the cloak room. As the one enforcement officer of the board entered the vestibule on April 19th, he was informed by the woman that "I had to pay $3 before I could enter the premises, and for the $3 I would receive two tickets . . . on which was imprinted 'Coral Club, One Drink $1, April 19 p.m.' " When the other enforcement officer of the board entered the premises on April 20th, he went through the same procedure, with the additional fact that the licensee was in the vestibule with the police officer and the woman. The licensee said to the enforcement officer that "we would have to purchase tickets before we entered." Each officer received a drink of an alcoholic beverage for the ticket. The licensee testified that the $3 collected in the vestibule was a "minimum charge."

It is argued on behalf of the licensee (1) that the assessing of an admission charge is not a violation of the Pennsylvania Liquor Code, and (2) that to attempt to establish the charging of admission as a violation would be an unreasonable abuse of discretion.

No part of the Liquor Code and no regulation of the board specifically prohibits the charge of admission; nor is the charging of admission specifically set forth anywhere in the code or the regulations as a violation. The only reference to the charge of admission is in board regulation no. 110.01,[2] which negatively states that "no amusement permit," which is

---

[2] "Applications for Amusement Permits may be filed with the board at any time during the license year and, if issued, such Permits shall expire with the licensee's license. An original (new)

separate from a liquor license, will be issued to a licensee who charges admission.

These facts apart from any other consideration make the board's position tenuous.

In spite of this apparent lack of authority, the board has historically considered the charge of admission as a violation and so prosecuted this licensee. While licensed establishments have been allowed to charge minimums and cover charges with immunity, a charge of admission has been treated by the board as a violation. The basis for this distinction is unexplained on the record and most difficult to fathom.

A research discloses only one case in Pennsylvania where the problem in the instant case was the subject of judicial determination. The case is Schreiber Appeal, and is reported in 46 D. & C. 2d 549, 69 Lack. Jur. 126 (1968).[3] The facts in the above case presented the same questions as in the instant appeal. Conaboy, J., in an excellent and exhaustive opinion, wherein he reviewed numerous opinions of the appellate courts of other States on the question involved in the instant appeal, held that the Pennsylvania Liquor Control Board may not legally forbid a restaurant liquor licensee from charging an admission charge whether it be done in the form of a cover charge, a minimum or a one-time admission fee, and the reason he so concluded was that no part of the Liquor Code or the regulations of the board specifically prohibits the charge of admission. Nor is the charging of admission specifically set forth anywhere in the code or the regulations as a violation.

Amusement Permit will not be issued to any licensee against whom revocation or criminal proceedings are pending, neither will an original (new) or renewal Amusement Permit or transfer thereof be issued at any time to a licensee who charges admission to his licensed premises."

[3] We are advised there is an appeal of this case pending in the Superior Court of Pennsylvania.

There is another factor in the instant appeal which we feel must be considered. Under date of August 30, 1966, the licensee wrote the board concerning a "cover" and/or "minimum" charge.[4] He received a reply from the board which could be interpreted as permitting the collection of a "cover" or "minimum" charge in the vestibule which, according to the testimony taken at the hearing, was "inside the licensed premises."[5]

For the reasons indicated, this court concludes that the board may not legally forbid a restaurant

---

[4] "August 30, 1966

"J. D. Gerreau
"P.L.C.B.
"Harrisburg, Pa.
"Sir:

"About a year ago I called you on the phone concerning the Board ruling on COVER and MINIMUM CHARGE. You didn't have the information on hand at the time. You called me back about an hour later and informed me that a COVER and/or MINIMUM is legel [sic] provided it is not collected at the door.

"Since that time I have talked to other Licensees and I have become very confused. There is Pro and Con on this matter. It is my intention this fall and winter season to bring to Hbg. some fine entertainment and without Cover and/or Minimum it would be impossible to cover expenses.

"It has become pertinent that I fully understand the board ruling governing the COVER and/or MINIMUM CHARGE.

"Sincerely,
"Peter J. Contino
"2508 N. Fourth St.
"Harrisburg, Pa."

[5] "September 2, 1966

"Mr. Peter J. Contino
"2508 North Fourth Street
"Harrisburg, Pennsylvania
"Dear Sir:

"In reply to your letter of August 30, 1966, relative to the legality of a cover or minimum charge by a licensee, you are advised that it is permissible to collect such cover or minimum charge inside the licensed premises.

liquor licensee from charging an admission fee, whether it be in the form of a cover charge or minimum charge. To do so would, in our opinion, be an arbitrary and capricious act which is unreasonable and an abuse of discretion and, therefore, cannot be enforced.

The fine of $200 imposed by the board was (1) for the making of a charge for admittance to the licensed premises, and (2) for sale of liquor to minors. The appeal to this court was from the order of the board involving the two charges. However, as we have already indicated, the licensee did not press his appeal on the charge of sale of liquor to minors. This is the second time the licensee has been fined for sale of liquor to minors.[6]

Since the Liquor Code provides that on appeal the court "shall, in the exercise of its discretion, sustain, reject, alter or modify the . . . penalties of the board, . . ."[7] we conclude the fine for the sale of liquor to minors, it being the second offense, should be $200. Accordingly, we make the following

ORDER

And now, February 10, 1969, the appeal from the order of the board imposing a fine for sale of liquor to minors is denied and a fine of $200 is assessed against the licensee. The appeal as to the admission charge is sustained.

---

"I trust this is the information you desire.
"Very truly yours,
"/s/ J. D. Garreau
"J. D. Garreau
"Assistant Director of Enforcement
"Telephone: 717-787-5191"

[6] The licensee was fined $100 in an order entered by the board to no. 780, 1967, from which there was no appeal.

[7] Section 471, art. IV, of the Liquor Code, supra, as amended, 47 PS §4-471 p.p.